1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  IRENE ANOKHIN,                          No. 2:10-cv-00395-MCE-EFB

12          Plaintiff,

13       v.                                 MEMORANDUM AND ORDER

14  BAC HOME LOAN SERVICING, LP,
    et al.
15
            Defendants.
16

17                          ----oo0oo----

18       This action arises from a mortgage loan transaction in which

19  Irene Anokhin ("Plaintiff") purchased a home in 2006.  Presently

20  before the Court is a Motion by BAC Home Loan Servicing, LP and

21  Mortgage Electronic Registration System, Inc. ("Defendants") to

22  Dismiss Plaintiff's First Amended Complaint ("Complaint") for

23  failure to state a claim upon which relief can be granted

24  pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

25  ///

26

27      [1] Because oral argument was not determined to be of material
    assistance, the Court ordered this matter submitted on the
28  briefing.  E.D. Local Rule 230(g).

1

1  For the reasons set forth below, Defendants' Motion to Dismiss is

2  granted.

3

4                                **BACKGROUND**[2]

5

6      Through a mortgage transaction executed on April 10, 2006,

7  Plaintiff purchased a home in Sacramento, California.  After

8  failing to make several payments pursuant to the terms of the

9  mortgage, Plaintiff alleges she executed a Deed in Lieu,

10  "granting, assigning and transferring" all of her rights and

11  interest in the subject property on October 22, 2007.  Not

12  receiving any further correspondence from the lender, Plaintiff

13  believed the issue was resolved.

14      Plaintiff defaulted on the mortgage in 2007.  Defendant, BAC

15  Home Loan Servicing, LP ("BAC"), the current servicer of

16  Plaintiff's mortgage, commenced foreclosure proceedings.  A

17  Notice of Default was filed on November 9, 2007 indicating that

18  the amount due under the mortgage was $14,329.56.  On March 5,

19  2008, a Notice of Trustee's Sale was filed.  A second Notice of

20  Default was filed on May 15, 2009 which stated that the amount

21  due under the mortgage was $64,735.08.

22      On July 20, 2009, Plaintiff sent to BAC what she describes

23  as a "Qualified Written Request" ("QWR") seeking information

24  regarding her current ownership and a detailed accounting of the

25  amounts allegedly due under the loan.  BAC has yet to respond to

26  the QWR, which it received on July 24, 2009.

27

28      [2] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

1    Plaintiff filed her Complaint on February 16, 2010 alleging

2  violations of numerous state and federal claims including:

3  (1) Wrongful Foreclosure; (2) Quiet Title; (3) Real Estate

4  Settlement Procedures Act, 12 U.S.C. § 2605; (4) California

5  Business and Processional Code § 17200, *et seq.*; (5) Intentional

6  Infliction of Emotional Distress; (6) Void Contract; (7) To Void

7  and Cancel Deed of Trust; (8) California Civil Code § 2923.5; and

8  (9) Unfair Debt Collection Practices under the Federal Fair Debt

9  Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

10    On March 15, 2010, Plaintiff filed a voluntary petition

11  under Chapter 7 of the federal bankruptcy laws.  (Pl.'s Mot. to

12  Stay 2.)  On July 19, 2010, this Court directed the parties to

13  provide simultaneous briefing on the status of "Plaintiff's

14  Chapter 7 Bankruptcy Proceedings, any pending or forthcoming

15  stays, and how such matters apply in this case."  (ECF No. 16.)

16  As indicated in parties' supplemental briefing, on June 9, 2010,

17  the trustee in Plaintiff's bankruptcy action filed a Report of

18  Abandonment of Real Property, including the subject property in

19  this civil suit.  (Defs.' Supplemental Br. Exh. 1.)  The

20  Bankruptcy Court subsequently entered an order approving the

21  report filed by the trustee and terminated the bankruptcy case on

22  July 6, 2010.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

**STANDARD**

2

3       On a motion to dismiss for failure to state a claim under

4   Rule 12(b)(6), all allegations of material fact must be accepted

5   as true and construed in the light most favorable to the

6   nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co</u>., 80 F.3d 336,

7   337-38 (9th Cir. 1996).  Federal Rule of Civil Procedure 8(a)(2)

8   requires only "a short and plain statement of the claim showing

9   that the pleader is entitled to relief," in order to "give the

10  defendant fair notice of what the...claim is and the grounds upon

11  which it rests."  <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct.

12  99, 2 L. Ed. 2d 80 (1957).  While a complaint attacked by a

13  Rule 12(b)(6) motion to dismiss does not need detailed factual

14  allegations, a plaintiff's obligation to provide the "grounds" of

15  his "entitlement to relief" requires more than labels and

16  conclusions, and a formulaic recitation of the elements of a

17  cause of action will not do.  <u>Bell Atl. Corp. v. Twombly</u>, 2007

18  U.S. LEXIS 5901, 20-22 (U.S. 2007) (internal citations and

19  quotations omitted).  Factual allegations must be enough to raise

20  a right to relief above the speculative level.  <u>Id.</u> at 21 (citing

21  5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1216,

22  pp. 235-236 (3d ed. 2004) ("The pleading must contain something

23  more...than...a statement of facts that merely creates a

24  suspicion [of] a legally cognizable right of action").

25  ///

26  ///

27  ///

28  ///

4

1    If the court grants a motion to dismiss a complaint, it must

2 then decide whether to grant leave to amend.  The court should

3 "freely give[]" leave to amend when there is no "undue delay, bad

4 faith[,] dilatory motive on the part of the movant,...undue

5 prejudice to the opposing party by virtue of...the amendment,

6 [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); <u>Foman</u>

7 <u>v. Davis</u>, 371 U.S. 178, 182 (1962).  Generally, leave to amend is

8 only denied when it is clear that the deficiencies of the

9 complaint cannot be cured by amendment.  <u>DeSoto v. Yellow Freight</u>

10 <u>Sys., Inc</u>., 957 F.2d 655, 658 (9th Cir. 1992).

11

12                              **ANALYSIS**

13      **A.    Standing**

14

15      The commencement of a bankruptcy case creates an estate

16 consisting of the debtor's property, which includes legal causes

17 of action.  <u>Cusano v. Klein</u>, 264 F.3d 936 (9th Cir. 2001); <u>see</u>

18 <u>also</u> <u>Smith v. Arthur Anderson LLP</u>, 421 F.3d 989 (9th Cir. 2005).

19 A trustee administers the estate and is vested with title to "all

20 of the bankrupt's property at the time the bankruptcy petition is

21 filed."  <u>Stein v. United Artists Corp.</u>, 691 F.2d 885, 891 (9th

22 Cir. 1982).  In such a capacity, the trustee has the ability to

23 sue and be sued.  11 U.S.C. § 323.  If property is not exempt

24 from the estate, then it remains with the estate unless the

25 trustee "abandons" it.  11 U.S.C. § 722.  Abandonment requires an

26 affirmative action or some other evidence of intent by the

27 trustee.  <u>Stein</u>, 691 F.2d at 890.

28 ///

1    The moment Plaintiff declared bankruptcy, her civil suit

2 against Defendants became the property of the estate.  <u>Turner v.</u>

3 <u>Cook</u>, 362 F.3d 1219, 1225-1226 (9th Cir. 2004).  However, on

4 June 9, 2010, the trustee administering Plaintiff's estate filed

5 a Report of Abandonment of Real Property, which included the

6 subject property in this civil suit.  (Defs. Supplemental Br.

7 Exh. 1.)  The Bankruptcy Court entered an Order Approving the

8 Trustee's Report of No Distribution and Closing Case, and the

9 bankruptcy proceeding was terminated on July 6, 2010.

10    The record clearly establishes that the trustee took an

11 affirmative action to abandon the estate's interest in the

12 property.  The bankruptcy proceeding having terminated, Plaintiff

13 may proceed as the "real party in interest" in the instant civil

14 litigation.  <u>See</u> <u>Catalano v. C.I.R.</u>, 279 F.3d 682 (9th Cir.

15 2002).

16

17    **B.   RESPA Claims**

18

19    Plaintiff alleges that BAC violated RESPA by failing to

20 respond to the QWR sent on July 20, 2009.  (Complaint ¶ 35.)

21 Plaintiff asserts that, as a result, she is unable to allege the

22 "exact nature of the fees that were charged to her account" after

23 having executed the Deed in Lieu and cannot "confirm the name of

24 the current beneficiary under her Note."  (Complaint ¶ 36.)

25 Defendants' main contention is that the July 20, 2009

26 correspondence does not constitute a QWR.  (Defs.' Mot. to

27 Dismiss 12.)

28 ///

1    A plaintiff alleging violation of RESPA section 2605 must

2 show: (i) that the servicer failed to adhere to the rules

3 governing a QWR; and (ii) that the plaintiff incurred "actual

4 damages" as a consequence of the servicer's failure.  <u>See</u> 12

5 U.S.C. § 2605.  For the purposes of RESPA, a QWR is defined as "a

6 written correspondence [] that... includes a statement of the

7 reasons for the belief of the borrower, to the extent applicable,

8 that the account is in error or provides sufficient detail to the

9 servicer regarding other information sought by the borrower."

10 12 U.S.C. § 2605(e)(1)(B).  A loan servicer has the duty to act

11 when it receives a QWR "for information relating to the servicing

12 of the loan."  12 U.S.C. § 2605(e)(1)(A).

13    Based on Plaintiff's allegations, the letter submitted to

14 Defendants constitutes a QWR as it requests information regarding

15 fees charged to her account.  <u>See</u> <u>id.</u>  However, critical to any

16 action brought alleging a violation of § 2605 is the ability of

17 the plaintiff to show damages.  12 U.S.C. § 2605(f)(1)(A).  These

18 damages must flow from the failure of the servicer to provide the

19 information sought by the plaintiff through the QWR. <u>Id.</u>  Section

20 2605 permits an aggrieved plaintiff to recover two types of

21 damages: statutory and actual.  Here, Plaintiff has shown neither.

22    Courts may issue statutory damages not to exceed $1,000 in

23 cases where there is a "pattern or practice of noncompliance"

24 with § 2605.  12 U.S.C. § 2605(f)(1).  Plaintiff has only

25 provided evidence to show that Defendants failed to respond to a

26 qualified written response on one occasion.  This is not a

27 sufficient showing to establish statutory damages.  <u>E.g</u>, <u>McLean</u>

28 <u>v. GMAC Mortgage Corp.</u>, 595 F. Supp. 2d 1360 (S.D. Fla. 2009).

1    As regards to actual damages, Plaintiff makes the statement

2  that she has suffered damages due to negative reporting to a

3  credit rating agency.  (Complaint ¶ 69.)  This also falls short

4  of the showing requirement.  To constitute actual damages, the

5  negative credit rating must itself cause damage to the plaintiff

6  as evidenced by, for example, failing to qualify for a home

7  mortgage.  <u>McLean</u>, 595 F. Supp. 2d at 1373.  Plaintiff's

8  conclusory statement that she suffered negative credit ratings

9  does not itself establish actual damages.

10   Plaintiff's Complaint fails to allege any damages, pecuniary

11 or otherwise, that she has suffered due to BAC's failure to

12 respond to the QWR within the required time frame.  As a

13 consequence, she has failed to state a claim upon which relief

14 can be granted.

15   Plaintiff additionally argues that "[e]ven if no damages are

16 alleged or warranted, Plaintiff can seek declaratory relief and

17 request that this Court orders compliance with the RESPA

18 requirements."  (Pl.'s Opp'n 11:7)  However Plaintiff has not

19 pointed to any authority which might suggest that this Court may

20 mandate statutory compliance by Defendants.  Nothing in the

21 statute or case law suggests that the Court may provide such a

22 remedy.

23   Accordingly, Defendants' Motion to Dismiss Plaintiff's RESPA

24 claim is granted.

25 ///

26 ///

27 ///

28 ///

1      **C.    FDCPA Claims**

2

3       Plaintiff argues that Defendants violated the Fair Debt

4  Collection Practices Act, 15 U.S.C. § 1692, et seq., by filing

5  negative credit reports that damaged her credit history,

6  continuing to contact her through computerized and other debt

7  collection calls, and by "falsely stating the amounts of a debt

8  by including the amounts that are not permitted by law or

9  contract."  (Complaint ¶¶ 69, 71, 71.)

10      The FDCPA regulates only "debt collectors."  15 U.S.C.

11  §§ 1692(e)-(f).  FDCPA's definition of "debt collector" excludes

12  any person who collects debt "to the extent such

13  activity...(i) concerns a debt which was originated by such

14  person; or (ii) concerns a debt which was not in default at the

15  time it was obtained by such person.  15 U.S.C. § 1692(a)(6)(f).

16  As a result, the FDCPA does not extend to cover the "consumer's

17  creditors, a mortgage servicing company, or any asignee of the

18  debt, so long as the debt was not in default at the time it was

19  assigned."  Nool v. HomeQ Servicing, 653 F. Supp. 2d 1047

20  (E.D.Cal. 2009) (quoting Perry v. Stewart Title Co., 756 F.2d

21  1197, 1208 (5th Cir. 1985)).

22      It is well established in the Eastern District of California

23  that a mortgage servicer is not considered a "debt collector"

24  under the FDCPA.  See Angulo v. Countrywide Home Loans, Inc.,

25  2009 WL 3427179 at *5 (E.D.Cal. Oct. 26, 2009).  Therefore, as a

26  loan servicer, BAC cannot be held liable.

27      Accordingly, Defendants' Motion to Dismiss Plaintiff's FDCPA

28  claim is granted.

1      **D.     Plaintiff's Remaining Causes of Action**

2

3      Having failed to allege a viable federal claim, with only

4  Plaintiff's state law claims remaining, this Court ceases to have

5  subject matter jurisdiction over the suit.  The Court declines to

6  exercise its supplemental jurisdiction over the remaining state

7  causes of action and they are dismissed without prejudice.  The

8  Court need not address the merits of Defendants' Motion to

9  Dismiss with respect to the remaining state law causes of action

10 as those issues are now moot.

11

12                             **CONCLUSION**

13

14      For the reasons set forth above, Defendants' Motion to

15 Dismiss Plaintiff's First Amended Complaint (Docket No. 6) is

16 GRANTED with leave to amend.

17      Plaintiff may file an amended complaint not later than

18 twenty (20) days after the date this Memorandum and Order is

19 filed electronically.  If no amended complaint is filed within

20 said twenty (20)-day period, without further notice, Plaintiff's

21 claims against Defendants will be dismissed without leave to

22 amend.

23      IT IS SO ORDERED.

24
   Dated: August 20, 2010

25

26

27                          MORRISON C. ENGLAND, JR.
                            UNITED STATES DISTRICT JUDGE
28

                                 10