UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| IRENE ANOKHIN, | No. 2:10-cv-00395-MCE-EFB |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| BAC HOME LOANS SERVICING, LLP, et al., | |
| Defendants. | |

Plaintiff Irene Anokhin ("Plaintiff") seeks redress from Defendants BAC Home Loans Servicing, LLP ("BAC") and Mortgage Electronic Registration Systems, Inc. ("MERS", and collectively, "Defendants") based on alleged violations of the Real Estate Settlement Procedures Act ("RESPA") and the Fair Debt Collection Practices Act (the "FDCPA"), among other state causes of action.

///
///
///
///

Presently before the Court is a Motion to Dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For the reasons set forth below, Defendants' Motion to Dismiss is granted.[2]

## BACKGROUND[3]

This action stems from a residential mortgage loan on Plaintiff's real property located in Sacramento, California.  In April 2006, Plaintiff entered into a mortgage loan for the home. Plaintiff alleges she was not provided a meaningful opportunity to read or review the documents she signed, and was discouraged from doing so by the lender.  Beginning in October 2007, Plaintiff began to miss payments on her mortgage.  Defendant BAC, then known as Countrywide Home Loans, subsequently asked that Plaintiff execute a Deed in Lieu, which transferred all of her rights and interests in the property.  Plaintiff alleges and believes that she signed and properly executed that document.
///
///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).

[3] The factual assertions in this section are based on the allegations in Plaintiff's Second Amended Complaint unless otherwise specified.

2

1  Deed in Lieu notwithstanding, a Notice of Default was placed
2 on the property in November 2007, Plaintiff learned that her name
3 was still on the property, and she owed the arrears due on the
4 home.  A second Notice of Default was issued in May 2009, and
5 MERS, as beneficiary, initiated foreclosure proceedings.
6 Plaintiff sent BAC a Qualified Written Request Letter ("QWR")
7 pursuant to RESPA, requesting information regarding her loan.  To
8 date, Plaintiff has not heard from BAC regarding the QWR.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the...claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).  Though "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 2869 (1986)).

///

A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Further, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing...grounds on which the claim rests." Twombly, 550 U.S. at 555 n.3 (internal citations omitted). A pleading must then contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

Once the court grants a motion to dismiss, they must then decide whether to grant a plaintiff leave to amend. Rule 15(a) authorizes the court to freely grant leave to amend when there is no "undue delay, bad faith, or dilatory motive on the part of the movant." Foman v. Davis, 371 U.S. 178, 182 (1962). In fact, leave to amend is generally only denied when it is clear that the deficiencies of the complaint cannot possibly be cured by an amended version.

///
///
///
///

See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citations omitted).

## ANALYSIS

Plaintiff alleges several violations of state and federal law and requests for relief. However, the issue before the Court is not the substance of these various claims, but whether Plaintiff has plead enough facts on her federal claims as a general matter, for any to stand. While the complaint does not need detailed factual allegations, it must still provide sufficient facts alleged under a cognizable legal theory. See supra.

**A.   FDCPA Claim**

Plaintiff asserts that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (2010), by both causing damage to Plaintiff's credit and reporting past-due payments even though she had transferred title to BAC, and twice filing for foreclosure on the property.

///
///
///

1  The FDCPA, by and large, regulates debt collectors.
2 15 U.S.C. §§ 1692(e)-(f). The term "debt collector" is defined
3 as "any person who uses any instrumentality...in any business the
4 principal purpose of which is the collection of any debts." Id.
5 § 1692(a)(6)(a). The definition excludes any person who collects
6 debt "to the extent such activity...(i) concerns a debt which was
7 originated by such person; or (ii) concerns a debt which was not
8 in default at the time it was obtained by such person." Id.
9 § 1692(a)(6)(f). As a result, the FDCPA does not extend to cover
10 the "consumer's creditors, a mortgage servicing company, or any
11 asignee of the debt, so long as the debt was not in default at
12 the time it was assigned." Nool v. HomeQ Servicing, 653 F. Supp.
13 2d 1047, 1053 (E.D. Cal. 2009) (quoting Perry v. Stewart Title
14 Co., 756 F.2d 1197, 1208 (5th Cir. 1985)).

15  Here, Plaintiff fails to provide any substantive facts
16 demonstrating that Defendants engage in activity that meets the
17 definition of "debt collection" under the statute. Moreover, it
18 is well established in the Eastern District of California that a
19 mortgage servicer is not considered a "debt collector," and
20 foreclosure proceedings are not considered debt collections under
21 the FDCPA. See Angulo v. Countrywide Home Loans, Inc., 2009 WL
22 3427179 at *5 (E.D. Cal. Oct. 26, 2009) ("[C]reditors, mortgagors
23 and mortgage service companies are not debt collectors and are
24 statutorily exempt from liability under the FDCPA."); Miller v.
25 Wells Fargo Home Mortg., 2010 WL 3431802 at *7 (E.D. Cal.
26 Aug. 31, 2010)
27 ///
28 ///

6

("The FDCPA does not apply to non-judicial foreclosure since a debt collector for purposes of the Act does not include the consumer's creditors, a mortgage servicing company, or an assignee of debt."). Therefore, as a loan servicer or mortgagor, Defendants cannot be held liable under this statute. Accordingly, their Motion to Dismiss this cause of action is granted.

### B.  RESPA

Plaintiffs allege that Defendants are in violation of RESPA, 12 U.S.C. § 2607, because they instituted and perpetuated a kickback scheme.  RESPA prohibits entities from accepting any fee or kickback or thing of value in exchange related to a federally related mortgage loan.  12 U.S.C. § 2607(a).  Failure of the mortgage loan servicer to comply with the statute results in potential damages and costs.  12 U.S.C. § 2607(d).  A plaintiff is required to file suit within one year from the date of the kickback being paid or otherwise carried out. 15 U.S.C. § 2614. Plaintiff's claims are time-barred under this portion of the statute, as the loan was executed in excess of one year prior to Plaintiff's complaint.[4]

///
///
///

---

[4] Plaintiff does not allege specifically when a kickback may have been exchanged, however, the allegation states that Defendant violated RESPA by "accepting fees, kickbacks" as part of a referral scheme for mortgage loans.

7

In addition, RESPA requires that if a mortgage servicer receives a QWR, they are required to provide a written response acknowledging receipt of the correspondence within twenty (20) days. 12 U.S.C. § 2605(e)(1)(A).  As the Court stated in a previous order (ECF No. 21), to demonstrate a violation of RESPA under this section, a plaintiff must show: (1) that the servicer failed to comply with the statute's QWR rules; and (2) that the plaintiff incurred "actual damages" as a consequence of the servicer's failure.  Id. § 2605(f).  Consistent with Plaintiff's First Amended Complaint, the Second Amended Complaint fails to allege any actual or damages flowing directly from Defendant's failure to provide the information sought by Plaintiff's QWR. Inability to confirm details of Plaintiff's mortgage does not constitute real and actual damages.  (See Sec. Am. Comp. ¶ 36.) Therefore, Defendants' Motion to Dismiss is granted as to Plaintiff's RESPA claims.

**C.   Plaintiff's Remaining Causes of Action**

With Plaintiff's federal claims presently dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state causes of action.  The Court need not address the merits of Defendants' Motion to Dismiss with respect to the remaining state law causes of action, as those issues are now moot.

///
///
///

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Docket No. 23) is GRANTED without leave to amend.  The case is remanded back to Sacramento Superior Court as to Plaintiff's state causes of action.  The Clerk is ordered to close the case.

IT IS SO ORDERED.

Dated: December 21, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE